Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50286 | DATE | 4/15/2002 |
| CASE TITLE | CROSBY vs. PREMIER MARINE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, Counts III and IV of plaintiffs' complaint are dismissed with prejudice. Count V is dismissed without prejudice and plaintiffs are given 21 days to amend, otherwise, this count will be dismissed with prejudice without further order of court.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 16 2002 | 33 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/16/02 date mailed notice | |
| SW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Michael S. Crosby ("Michael") and Susan E. Crosby, individually and as next friends of their children, Tyler, Mason, Sarah and Rachael Crosby filed a seven-count complaint against Defendant, Premier Marine, Inc., and Norton's Dry Dock, Inc. ("Norton's"). Norton's was voluntarily dismissed as a party by plaintiffs on January 30, 2002. The action arises from a physical injury Michael sustained when disembarking a pontoon boat manufactured by defendant and purchased from Norton's. This court has diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1). The parties agree Wisconsin substantive law applies. Defendant filed motions to dismiss Counts III, IV, and V pursuant to Federal Rules of Civil Procedure 12(b)(6) and, as to Count V, 9(b). Count III is for breach of express warranty, Count IV is for breach of implied warranty and Count V is for fraud.

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiffs' complaint could be presented which would entitle them to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001). Defendant's motion as to counts III and IV asserts dismissal is required because plaintiffs do not attach any written warranty to the complaint, do not detail the alleged oral warranties in the complaint, lack privity of contract with defendant, and are barred by Wisconsin law from pursuing both breach of warranty and tort claims for the injury alleged. Defendant is correct, at least, on the last score.

The Wisconsin Supreme Court has held that "it is inappropriate to bring an action for breach of warranty where a tort remedy is sought," Austin v. Ford Motor Co., 273 N.W. 2d 233, 240 (Wis. 1979), and established that strict liability in tort actions precludes breach of warranty claims for physically injured users of unreasonably dangerous defective products. Id. Count I states a claim for strict liability. This is plaintiffs' appropriate theory under Austin. Counts III and IV must be dismissed.

Defendant also seeks dismissal of Count V under Rules 9(b) and 12(b)(6). The motion goes to a failure to adequately plead fraud under Rule 9(b), which requires that in all averments of fraud the circumstances constituting fraud shall be stated with particularity. To meet this standard the complaint must plead the "who, what, when and where of the alleged fraud." Lachmund v. ADM Investor Services, Inc., 191 F.3d 777, 782 (7th Cir. 1999). The elements of fraud under Wisconsin law are (1) a false representation; (2) intent to defraud; (3) reliance upon the false representation; and (4) damages. See Mackenzie v. Miller Brewing Co., 623 N.W. 2d 739, 745 (Wis. 2001). Wisconsin recognizes that a nondisclosure may be an actionable false representation where there is a duty to disclose. See Ollerman v. O'Rourke Co., Inc., 288 N.W. 2d 95, 99-100 (Wis. 1980). Plaintiff has failed to meet the Rule 9(b) requirement. The complaint does not identify particular false statements, to whom they were made, or that plaintiffs relied on them. The complaint alleges failure to disclose to "dealers, purchasers, users and the general public" the "known dangers of the rail to gate design" and failure to advise dealers, consumers and the general public that defendant had "paid out thousands of dollars to individuals who had been injured". Compl. ¶¶ 40(b), (d). However, it does not allege the particulars giving rise to a duty to disclose, which is an essential element for a claim based on nondisclosure. See Ollerman at 100. Count V lacks the particularity required by Rule 9(b).

For the foregoing reasons, Counts III and IV are hereby dismissed with prejudice. Count V is dismissed without prejudice and plaintiffs are given 21 days to amend, otherwise, this count will be dismissed with prejudice without further order of court.